*16-841-cr*
*United States of America v. Rose Amanor*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand seventeen.

PRESENT:    JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
                    *Circuit Judges.*
            WILLIAM K. SESSIONS III,
                    *District Judge.[*]*

---

UNITED STATES OF AMERICA,

        *Appellee,*                                    16-841-cr

        v.

ROSE AMANOR,

        *Defendant-Appellant.*

---

FOR APPELLEE:                          MARK E. BINI (Susan Corkery *on the brief*), Assistant United States Attorneys for Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

---

[*] Judge William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

**FOR DEFENDANT-APPELLANT:**    ALLEGRA GLASHAUSSER, Federal Defenders of New York, Inc., New York, NY.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Rose Amanor appeals the March 4, 2016 judgement of the district court, convicting her, following a three-day jury trial, of importation of heroin, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3), and possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). She was principally sentenced to concurrent terms of 27 months imprisonment and was released from prison on January 30, 2017.

On appeal, Amanor argues that: (1) the district court erred in finding that there was legally sufficient evidence to convict her; (2) the assertions by the prosecutor during summation and rebuttal that Amanor was not a blind drug courier denied her due process; and (3) the jury instructions were erroneous and prejudiced her. For the reasons set forth below, we find these arguments to be without merit. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

*** 

**A. Sufficiency of the Evidence**

"We review *de novo* challenges to the sufficiency of the evidence underlying a criminal conviction, but a defendant bears a heavy burden because we review evidence on a sufficiency challenge in the light most favorable to the government and draw all inferences in favor of the government." *United States v. Lee,* 723 F.3d 134, 143 (2d Cir. 2013) (internal quotation marks, citations, and brackets omitted). "We will uphold a judgment of conviction if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia,* 443 U.S. 307 (1979) (internal quotation marks and brackets omitted)).

We conclude that there was more than enough evidence for a rational juror to convict Amanor, for the reasons primarily stated in the district court's September 29, 2015 Memorandum and Order. *See* SA 23-29. First, there is no dispute that Amanor possessed heroin in her carry-on luggage or that heroin is a federally controlled substance. Second, the government offered multiple witnesses in support of its arguments: Customs and Border Protection Officers Richard Strauss, Peter Vranhas, and Brian O'Rourke, as well as Special Agents Daniel Suden, Barbara Geigel, and

Paul Salamon. Third, the defendant's own testimony, which was at odds with her statements to investigating agents, failed to provide a plausible explanation of how the bag of fish lined with heroin was found in her carry-on language, unbeknownst to her. *See United States v. Anderson*, 747 F.3d 51, 60 (2d Cir. 2014) ("Circumstantial evidence probative of [guilt] may include … [i]n context, acts that exhibit 'a consciousness of guilt, such as false exculpatory statements,' … tend[ing] to prove knowledge and intent."). Based on the totality of the trial evidence, we conclude that the jury had sufficient basis to convict Amanor of importation and possession of heroin with the intent to distribute.

**B. Due Process Challenge**

We also reject Amanor's claim that the prosecutor's remarks during summation and rebuttal that she was not a blind drug courier denied her due process. A defendant asserting that a prosecutor's remarks warrant reversal faces "a heavy burden, because the misconduct alleged must be so severe and significant as to result in the denial of [the defendant's] right to a fair trial." *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir. 1993). To be plain error, an error must "have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993).

Here, Amanor failed to object to the government's statements during trial and therefore waived this argument on appeal. Even if the issue were not waived, however, the government's arguments conformed to the district court's pretrial ruling. The government argued that it did not make sense that this defendant could be a blind drug courier, because, among other things, the drugs she was carrying were worth hundreds of thousands of dollars and a drug organization would not entrust drugs of such value to an unknowing courier. *See* App'x 502-03. This argument was legally permissible, not to mention a far cry from the "egregious misconduct" that would amount to a denial of due process. *See United States v. Shareef,* 190 F.3d 71, 78 (2d Cir. 1999). Accordingly, we conclude that Amanor's due process challenge is meritless.

**C. Jury Instructions**

Lastly, Amanor challenges the jury instructions given by the district court. We see no reason why a conscious-avoidance charge was not called for. A conscious-avoidance charge is appropriate where there is no dispute in the evidence that the defendant had possession of contraband, but she denies knowledge of its illegal nature. *See United States v. Ebbers*, 458 F.3d 110, 124 (2d Cir. 2006); *United States v. Aina-Marshall*, 336 F.3d 167, 171 (2d Cir. 2003) ("When a defendant charged with knowingly possessing contraband items takes the stand and admits possession of the contraband but denies having known of the nature of the items, a conscious avoidance charge is appropriate in all but the highly unusual—perhaps non-existent case.").

Here, it was well-established that Amanor carried the bag of heroin into the United States. The primary question is whether she was an unknowing courier who had been set up by her son, or

3

whether a rational juror could conclude beyond a reasonable doubt that she was aware of a high probability that she possessed heroin and consciously avoided confirming that fact. Following this Circuit's precedent, the district court gave a standard conscious avoidance charge and the standard jury instruction on possession of a controlled substance. *See* 3 Leonard B. Sand et al., *Modern Federal Jury Instructions* 56-6 (2015). Accordingly, we conclude the charge was properly included in the jury instruction.

## CONCLUSION

We have considered all of Defendant's arguments on appeal and found them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4